## Willie Young v. The State.

No. 7843.   Decided December 12, 1923.

1.—Forgery—Evidence—Reimbursement—Argument of Counsel.

Where, upon trial of forgery, it was shown upon the trial that the lawyer who acted as counsel for the appellant on the trial had returned to the bank the amount of money which had been paid on the check, over objection of defendant, the same was reversible error, especially in view of the argument of the prosecution who stressed the importance of such evidence, to which objection was also overruled.

2.—Same—Declarations of Third Parties—Rule Stated.

The acts of third parties are not chargeable to the accused on trial unless it appear that they were done under express or implied authority from the accused, and no such authority being shown the admission of this testimony was reversible error.

3.—Same—Evidence—Reimbursement—Intent to Injure.

It was not necessary to show that the bank was injured by the forgery, only the intent to injure was necessary, and the inquiry by appellant's attorney, if the owner had lost anything by the transaction would not give license to the State to pursue this inquiry and show that the reimbursement had been made through appellant's attorney.  Following Brent v. State, 252 S. W. Rep., 501.

Appeal from the District Court of El Paso.   Tried below before the Honorable W. D. Howe.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Davis, Jackson & Fryer*, and *Wm. Blakeslee*, for appellant.   Cited cases in opinion.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, for the State.

MORROW, Presiding Judge.—The offense is forgery; punishment fixed at confinement in the penitentiary for a period of two years.

The instrument forged was a check on the City National Bank, to the order of John Papas, for Twenty-five Dollars, signed "Pete Mitchell, Manhattan Cafe."   The check was endorsed "John Papas" and was paid by the bank to the appellant and by him endorsed "John Papas."   Such was the testimony of the witness Donahue on direct examination.

The check was introduced in evidence and Mitchell denied having signed it.

It was shown upon the trial that the lawyer who acted as counsel for the appellant on the trial had returned to the bank the amount

of money which had been paid on the check. Objection was urged to the receipt of this testimony. This action of the lawyer was susceptible of appropriation by the jury as an admission by the appel- lant that he was connected with the forgery. His identity as the person who passed the alleged forged check was a sharply contro- verted issue. The witness who identified the appellant had pre- viously identified another person. There was no comparison of the handwriting identifying the indorsement of the check as that of the appellant. The rush of business in which the check was presented and paid gives room for mistake. In the argument of the case, the prosecution stressed the importance of the return of the money by the appellant's attorney as an item of identification. A request was made that the court instruct the jury to disregard this argu- ment. In receiving the evidence and in refusing to instruct the jury to disregard the argument mentioned, it is believed that the learned trial judge fell into error. The acts of third parties are not charge- able to the accused on trial unless it appear that they were done under express or implied authority from the accused. The act in question, that of reimbursing the bank, would not, by implication, come within the scope of the authority of an attorney employed to secure the rights of the accused in a criminal case, and no proof of express authority was made or attempted. Branch's Crim. Law., Sec., 862, and cases listed; also Sorell v. State, 74 Texas Crim. Rep., 100, 167 S. W. Rep., 359; Nader v. State, 86 Texas Crim. Rep., 425.

The action of the appellant's attorney in making inquiry on cross- examination of the witness Donahue if he had lost anything by the transaction and the reply of Donahue that he had been reimbursed would not give license to the State to pursue the inquiry and show that his reimbursement had been through the payment of the money by the appellant's attorney. Whether there had been reimbursement was an immaterial inquiry unless shown to have been done by the appellant through his agent. It was not necessary to show that the bank was injured by the forgery. All that the law required was that the forgery be proved and that there be an intent to injure. If objection had been made by State's counsel to the appellant's in- quiry of Donahue mentioned or his reply, it would have doubtless been excluded, because it related to an immaterial issue. By his silent consent to the proof of an immaterial fact. State's counsel did not acquire the right to introduce additional testimony of the same nature. See Wigmore on Evidence, Vol. 2, sec. 1007; Brent v. State, 95 Texas Crim. Rep., 14, 252 S. W. Rep. 501.

The other questions raised are not likely to occur upon another trial.

Because of the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*